# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  Case No. 19-CR-00117

ADRIAN GARDINER,

      Defendant.

## DEFENSE SENTENCING MEMORANDUM

ADRIAN GARDINER, above named defendant, by his attorneys, TRACEY WOOD & ASSOCIATES, hereby submits this sentencing memorandum before his sentencing hearing on June 15, 2021:

### Introduction

Adrian has unequivocally accepted responsibility for his actions. Accordingly, counsel asks this Court to impose the mandatory minimum incarceration time.

At sentencing, the Court considers the safety of the community, Adrian's history and characteristics, the seriousness of the crime of conviction, and Adrian's need for treatment and education.[1] The goals of punishment are met with a felony conviction and the mandatory minimum imposed under the statute.

### Argument

The Sentencing Reform Act requires each sentence to be "[no] greater than necessary" to meet the considerations of 18 U.S.C. § 3553(a)(2). The Presentence Investigation Report lays out the facts sufficient to substantiate Adrian's plea. What is notable is the information Adrian divulged when he was interviewed on August 19, 2019:

> On August 19, 2019, investigators interviewed the defendant at the Lake County, Indiana, Jail. He provided the following information: He met Minor A on "Fling" and initially thought she was 18 years old. He traveled to Wisconsin nine times to pick her up outside of her residence. The first time he picked her up, they did not have sex. At each of the following eight encounters, they did have sex. Each visit occurred between June 30, 2019, until one week prior to his interview. They went to a park on the second, third,

---

[1] 18 U.S.C. § 3553(a).

sixth, and seventh times and had sex in his vehicle. During the eighth trip, he parked on the side of the road and they had sex in the vehicle. During the fourth, fifth, and ninth visits, the defendant checked into a motel where they had sex in rooms. Two of these encounters were at the Quality Inn and he recorded them having sex on his cellular phone. He sent the first video to Minor A but did not send the second video to anyone. After learning Minor A was 12 years old, he traveled to meet her twice to have sex with her.[2]

This information clearly indicates that Adrian, despite his actions, did not seek to avoid or evade responsibility.

I. **Adrian's acceptance of responsibility and divulgence of his actions reveal a *mens rea* that does not require more than the mandatory minimum.**

Adrian was forthright with the conditions under which he met the victim. He readily admitted that he did engage in sexual intercourse with her multiple times. Further, in specificity, he describes where they met and where they engaged in sexual intercourse.[3] What's more, is that Adrian explains that he met her on a dating site for adults. This means that his intention was not primarily to meet a minor. This should tend to negate the fear that he was on the prowl for a minor which requires more punishment. Though it is clear that once he learned of the victim's true age he did not desist from seeing her and it is for that he is most sorrowful and contrite. Adrian understands the trauma and pain that the victim will have for the rest of her life. This should not, however, eclipse the other aspects of his character. When he was confronted by officers regarding these encounters and his behavior, despite having every incentive to deceive, deny or evade, he spoke honestly about how they met and where he fell short. This should delineate that the extensive amount of prison that he will endeavor is sufficient to punish his behavior as he lacks the *mens rea* often seen in cases like this—specifically the intent to find a minor and the intent to conceal one's actions. According to the PSR, there is no evidence that he ever sought to impede or obstruct justice.[4]

II. **Adrian lacks a criminal history that would cause a court to be more concerned with recidivism or this a sexual deviant pathology.**

In 2011, Adrian was charged with the misdemeanor of 'Illegal Transport of Firearm.' The defendant was represented by counsel. A charge for carry/possess pistol without a permit was dismissed. According to the criminal complaint, the defendant was the sole occupant in a vehicle curbed by law enforcement for speeding. The defendant was crying, saying "his life was over" during questioning. He explained to the officer he just broken up with his girlfriend 20 minutes earlier and asked to be taken to the hospital. The officer observed a portion of a firearm on the passenger seat. The defendant reported having the firearm because he was a security guard. The 9mm handgun was loaded. The defendant had an active FOID card, permitting him to carry a

---

[2] Adrian C. Gardiner Presentence Investigation Report.
[3] See *Id.* at 8.
[4] See *Id.* at 9.

firearm in Illinois, but did not have a license to carry a firearm in Minnesota.[5] Therefore, his total history score is 1 and he does not have a prior sex offense conviction.

This again shows that Adrian lacks the patterned behavior that would require more than the extensive period of incarceration mandated for this crime. He has traversed his life of 42 years without a criminal conviction and most importantly without any indication that the offense for which he has pled is repetitive.

When asked by the officer during his interview what spawned this, Adrian stated he was lonely and looking for a relationship online. He was using Match.com, Fling.com and Webdate.com to meet people and socialize. He did not otherwise have time to be social because he was working 16-hour days, up to seven days per week. He did not attempt to hide his intention or seek to minimize his behavior. This speaks to ability to be rehabilitated as he acknowledges how he ended up in this circumstance and victimized someone else. Further, at every step of the process he has been upfront and candid regarding his involvement up to and including the plea.

## Conclusion

Adrian has been through a lot. His younger brother's recitation of their childhood is alarming. However, Adrian sought to only discuss the positive aspects and how he was taught to overcome them. Throughout his interview with the officer he spoke of the disappointment and shame he brought on his family and how he had not lived up to the standard that he was taught. He also spoke about how it kills him that he cannot be there for his mother, for whom he was the primary caretaker.

Adrian's goals for his future are to mentor other young men with backgrounds similar to his so he can give back and make sure no one else "ends up where he is." He also wants to start a family and do better than his parents could. He described himself as a good person who is ashamed of his behavior. He is otherwise a law-abiding citizen and always tried to stay out of trouble. Aaron reported he plans to continue supporting his brother and worries about his safety in prison.

There is no contention that what Adrian has done is shameful and has hurt many people—especially the victim. Adrian just seeks for the Court to also acknowledge his entire life—that he is better than the worst of his actions and that he is truly penitent. His character shows that 15 years is more than sufficient to punish him and place him on the track of rehabilitation.

Adrian is now a felon. This will drastically minimize his opportunities in life. Moreover, he is a felony of an offense involving a child which will further subject him to even more collateral consequences and restriction. The mandatory minimum is more than sufficient to address his particular case.

---

[5] Id. at 12.

Further, he must now face the fact that his biggest champion, supporter, teacher and loved one—his mother, who is in her 70's, may very well pass while he is incarcerated. Among all else, this is the biggest punishment for that, and he has to live with it for the rest of his life. For these reasons, we ask that the Court sentence Adrian to the mandatory minimum.

Dated at Middleton, Wisconsin, on June 14, 2021.

Respectfully submitted,

ADRIAN GARDINER, Defendant

TRACEY WOOD & ASSOCIATES
Attorneys for the Defendant
6605 University Avenue Suite #101
Middleton, WI 53562
(608) 661-6300

  /S/ JOSHUA HARGROVE
JOSHUA HARGROVE


  /S/ TRACEY WOOD
TRACEY WOOD